THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE DONALD HATT, JR., | CASE NO. C20-1615 JCC |
| Petitioner, | ORDER |
| v. | |
| JERRI BOE, | |
| Respondent. | |

This matter comes before the Court on Petitioner George Hatt's Objections (Dkt. No. 16) to the Report and Recommendation ("R&R") (Dkt. No. 15) of the Honorable S. Kate Vaughan, United States Magistrate Judge, recommending dismissal without prejudice of Mr. Hatt's federal habeas corpus petition (Dkt. No. 4). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby OVERRULES Mr. Hatt's objection, ADOPTS the R&R, and DISMISSES the petition without prejudice, for the reasons explained below.

I.  BACKGROUND

Mr. Hatt, an inmate at the Washington State Clallam Bay Corrections Center, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. No. 4 at 1.)

The petition indicates that Mr. Hatt was convicted in Washington state court on charges of first-degree murder and firearm and obstruction of justice offenses. (*See id.*) He appealed to the Washington State Court of Appeals, which remanded his case for resentencing. (Dkt. No. 14-

ORDER
C20-1615 JCC
PAGE - 1

1 at 181–82.) He then sought review in the Washington State Supreme Court and, next, in the U.S. Supreme Court, which both denied review. (Dkt. Nos. 4 at 3, 14-1 at 209.) The Court of Appeals' mandate thus issued in April 2020. (Dkt. No. 14-1 at 208–211.)

In September 2020, the state trial court resentenced Mr. Hatt, and he appealed his new sentence. (Dkt. No. 9-1 at 72.) As of the date of the R&R, Mr. Hatt's second appeal remains pending. (Dkt. No. 15 at 3 (citing Dkt. No. 14-1 at 209).)[1]

Mr. Hatt filed his federal habeas petition in November 2020. (Dkt. No. 1.)

On July 27, 2021, Magistrate Judge Vaughan issued the R&R recommending that Mr. Hatt's case be dismissed for failure to exhaust state court remedies. (Dkt. No. 15.) The R&R explains that, even though the currently pending state appeal challenges only Mr. Hatt's sentence and not his underlying conviction, the fact that the judgment from which he seeks habeas relief is on appeal in state court makes it premature for a federal court to consider his petition. (*Id.* at 4–5.) The R&R also notes that, when Mr. Hatt sought review in the Washington State Supreme Court, he did not raise the challenge to the sufficiency of the evidence that he had presented to the Court of Appeals and that he asserts in his habeas petition. (*Id.* at 6.) The challenge in his habeas petition to a first aggressor jury instruction also proceeds on a different legal theory than Mr. Hatt presented on direct appeal. (*See id.*) The R&R thus concludes that Mr. Hatt failed to properly exhaust state court remedies and recommends dismissing his petition without prejudice. (*Id.* at 6–7.)

Mr. Hatt timely filed a document styled as an objection to the R&R. (Dkt. No. 16.) Rather than objecting to the R&R, this document instead states that Mr. Hatt:

> request[s] that he be appointed counsel to represent him in this matter. 28 U.S.C. §2254(h)[,] as governed by 18 U.S.C. §3006A, gives this court the authority to appoint counsel.
> The reason . . . [for] this request is because [Mr. Hatt] had no intention of

---

[1] The Court also takes judicial notice of the fact that, on September 13, 2021, after submitting his objection to the R&R, Mr. Hatt apparently filed a personal restraint petition in the Washington Court of Appeals. *See* Wash. Ct. App., Div. 1, Case No. 831186.

> making a different arg[u]ment to the first aggressor instruction than was made by his appella[te] counsel.
>
> The subject matter contained within the issue being raised is so complex that Mr. Hatt does not have the legal skills or education necessary to make the appropriate arg[u]ment required to come before this court.

(Dkt. No. 16 at 1–2.)

## II. DISCUSSION

A district court reviews *de novo* those portions of a magistrate judge's R&R that a party properly objects to. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party does this by timely filing "specific written objections." *See* Fed. R. Civ. P. 72(b)(2). Because Rule 72(b)(2) requires *specific* objections, making general objections or repeating prior arguments is tantamount to making no objection at all. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Garvey v. Uttecht*, 2020 WL 5946157, slip op. at 1 (W.D. Wash. 2020). Considering insufficiently specific objections would essentially involve *de novo* review of the whole report, defeating the purpose of referring matters to the magistrate judge, causing a duplication of time and effort, and wasting judicial resources. *Id.* Thus, *de novo* review is not required when a party fails to direct the court to a specific error in the report and recommendation. *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F. Supp. 2d 472, 475 (W.D.N.C. 2003); *see also Djelassi v. ICE Field Office Director*, 434 F. Supp. 3d 917, 919 (W.D. Wash. 2020) (district courts only review *de novo* "those portions of the report and recommendation to which specific written objection is made").

While *pro se* litigants are held to a more lenient standard, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that does not excuse them from making proper objections, *see, e.g.*, *Carter v. Commissioner*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, he is expected to abide by the rules of the court in which he litigates.").

Mr. Hatt's filing, styled as an "objection" to the R&R, clearly does not meet the standard for a proper objection. Even if the Court were to construe Mr. Hatt's "objection" instead as a motion to appoint counsel and extend his deadline to object to the R&R, doing that would only

1  delay the inevitable: dismissal without prejudice as recommended in the R&R. The Court
2  therefore treats Mr. Hatt's filing as an insufficiently specific objection, will overrule it on that
3  basis, and will adopt the R&R.
4       Appointing counsel would not change the fact that, based on the state court record, Mr.
5  Hatt has failed to exhaust state remedies. The interests of justice thus do not require appointing
6  counsel in this instance. *See* 18 U.S.C. § 3006A(a)(2)(B) (the Court may appoint counsel for a
7  state habeas petitioner when "the interests of justice so require"); *Weygandt v. Look*, 718 F.2d
8  952, 954 (9th Cir.1983) (whether to appoint counsel depends on the petitioner's ability to
9  articulate his claims in light of the complexity of the legal issues and his likelihood of success on
10 the merits). The R&R thus correctly finds that Mr. Hatt has failed to exhaust state remedies.

**III.     CONCLUSION**

     For the foregoing reasons, the Court OVERRULES Mr. Hatt's objections (Dkt. No. 16), ADOPTS the R&R (Dkt. No. 15), and DISMISSES Mr. Hatt's petition (Dkt. No. 4) without prejudice to refiling.

     DATED this 28th day of September 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE